Mary Jo O'Neill, AZ Bar #005924
Hillary K. Valderrama, TX Bar #24075201
Mark J. Sorokin, AZ Bar #031960
**Equal Employment Opportunity Commission, Phoenix District Office**
3300 N. Central Ave., Suite 690
Telephone: (602) 535-0412
Fax: (602) 640-5009
Email:  mary.oneill@eeoc.gov
          hillary.valderrama@eeoc.gov
          mark.sorokin@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>　　　　　Plaintiff,<br><br>　　　　vs.<br><br>Moonshine Group LLC,<br><br>　　　　　Defendant. | Civil Action No.:<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMAND)** |

## **NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and pregnancy and to provide appropriate relief to Charging Party Michelle Viscusi. As alleged with greater particularity in the paragraphs below, upon discovering that Michelle Viscusi was pregnant, Defendant told Viscusi it would no longer permit her to work as a bartender and ultimately terminated Viscusi's employment because of her sex, female, and pregnancy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Moonshine Group LLC, has continuously been doing business in the State of Arizona and the City of Tempe, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Michelle Viscusi filed a charge with the Commission alleging violations of Title VII by Defendant.

7. The EEOC provided Moonshine Group with notice of the charge of discrimination.

8. The EEOC investigated the charge of discrimination.

9. On March 20, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated.

10. The Commission invited Defendant to join the Commission in informal methods of conference, conciliation, and persuasion in an attempt to eliminate and remedy the alleged unlawful employment practices and provide appropriate relief.

11. The Commission was unable to reach an agreement acceptable to the Commission through the conciliation process with Defendant.

12. On July 23, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## **STATEMENT OF CLAIMS**

14. Since approximately April 20, 2014, Defendant has engaged in unlawful employment practices at its location, Moonshine Whiskey Bar, in Tempe, Arizona ("Moonshine Whiskey"), in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e)-2(a).

15. At all relevant times, Defendant has owned and operated Moonshine Whiskey.

16. Benjamin Levine ("Levine") is one of Defendant's members and managers.

17. At all relevant times, Levine was actively engaged in the daily management of Moonshine Whiskey.

18. In or about March 2013, Viscusi began working at Moonshine Whiskey as a bartender.

19. In or about April 2014, Viscusi was four months pregnant.

20. Throughout her employment, including the first four months of her pregnancy, Viscusi successfully performed her duties.

21. Viscusi never requested a change in her duties or sought any accommodation from Defendant on the basis of her pregnancy.

22. On or about April 20, 2014, Levine learned that Viscusi was pregnant.

23. On May 27, 2014, Levine and Viscusi had a telephone conversation

24. During the telephone conversation on May 27, 2014, Levine told Viscusi that he did not want her working behind the bar because she was pregnant.

25. During the telephone conversation on May 27, 2014, Levine vehemently objected to allowing Viscusi to continue working as a bartender.

26. During the telephone conversation on May 27, 2014, Levine asked Viscusi how long she intended to bartend while pregnant, to which Viscusi responded that she was "pregnant, not handicapped."

27. In response to Viscusi's comment on May 27, 2014 that she was "pregnant, not handicapped," Levine asked Viscusi, "do you want to be showing your belly behind a bar . . . this is not being prejudiced against it, it's me looking at things how other people

can see it. There's gonna be a whole number of people that I would be offending by allowing a pregnant person to be behind a bar. They might look at it as the owners are fucking idiots, they're letting a girl that's pregnant, that she could get injured behind the bar, bartend right now?"

28. In the May 27, 2014 conversation, Levine offered to put Viscusi on the schedule for one last weekend on the condition that Viscusi sign a liability waiver.

29. During this conversation on May 27, 2014, Levine told Viscusi he might be able to place her in a non-bartending position and that Levine would call her back about this possibility.

30. Levine never called Viscusi back

31. On or about May 30, 2014, Viscusi contacted Levine to determine whether she could continue working at Moonshine, as Levine had not yet contacted her.

32. Levine did not respond to Viscusi.

33. Levine never contacted Viscusi after the conversation on May 27, 2014.

34. Neither Levine nor any other representative of Defendant ever offered Viscusi any other position.

35. Viscusi understood from practice and custom that Levine's failure to contact her or offer her a job meant that she was no longer allowed to work at Moonshine Whiskey.

36. The effect of the practices complained of in the foregoing paragraphs has been to deprive Michelle Viscusi of equal employment opportunities and otherwise adversely affect her status as an employee because of sex, female, and/or pregnancy.

-5-

37. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

38. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Michelle Viscusi.

### **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against its employees on the basis of sex, female, and/or pregnancy.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Michelle Viscusi by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Michelle Viscusi by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, expenses associated with automobile payments, transportation expenses, expenses associated with rental payments and moving expenses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Michelle Viscusi by providing

compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Michelle Viscusi punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

**<u>JURY TRIAL DEMAND</u>**

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 20th day of August, 2015.

.                                                                          P. DAVID LOPEZ
                                                                             General Counsel

.                                                                          GWENDOLYN YOUNG REAMS
                                                                             Associate General Counsel

                                                                             EQUAL EMPLOYMENT
                                                                             OPPORTUNITY COMMISSION
                                                                             131 M Street NE, 5th Floor
                                                                             Washington, DC 20507-0004

.                                                                          MARY JO O'NEILL
                                                                             Regional Attorney

HILLARY K. VALDERRAMA
Supervisory Trial Attorney

*/s/ Mark J. Sorokin*
MARK J. SOROKIN
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012